UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11 CV 509 CDP |
| ) | |
| GREGORY LILYHORN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before me on plaintiff's motion for remand. On March 16, 2011, defendant removed this case based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Defendant's notice of removal states that the amount in controversy exceeds $75,000, exclusive of interest and costs, but provides no evidence supporting this statement. The state-court petition alleges that plaintiff was injured when the car he was riding in was struck by a car being driven by defendant. Plaintiff alleges $2,500.00 in medical expenses, but he does not request a specific amount of damages. Instead, the petition only prays for damages "in an amount in excess of $25,000.00," which is necessary to establish the proper jurisdictional authority. See Knudson v. Systems Painters, Inc., 634 F.3d 968 (8th Cir. 2011) (noting that Missouri Rules of Civil Procedure 55.19 prohibits plaintiffs from pleading explicit mount of damages in petition); Mo. R.

Civ. P. 55.05 (in tort actions, "no dollar amount shall be included in the demand except to determine the proper jurisdictional authority.").

Plaintiff moves to amend his complaint to pray for judgment in the amount of $74,000.00 and to remand his case to state court for lack of subject-matter jurisdiction on the ground that the amount in controversy does not exceed $75,000.00. Defendant opposes remand on the ground that the Court had subject-matter jurisdiction over this case when it was filed and therefore plaintiff cannot divest the Court of jurisdiction by filing an amended complaint. Defendant's argument misses the point. Here, there is no evidence that the Court had subject-matter jurisdiction over this case when it was removed. Plaintiff's rote prayer for an unspecified amount of damages is insufficient to trigger a defendant's right to removal. See In re Willis, 228 F.3d 896, 897 (8th Cir. 2000). Defendant has come forward with no evidence, either through a settlement demand or discovery responses, that would indicate that the amount in controversy exceeds $75,000.00.[1] In fact, the only evidence before me is that plaintiff is <u>not</u> seeking damages in excess of $75,000.00 because he requests leave to amend his complaint to so state. Even if I do not grant plaintiff's motion to amend, I

---

[1] As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

conclude that the amount in controversy in this case does not exceed $75,000.00. I therefore lack subject-matter jurisdiction over this action. Accordingly, this case will be remanded to the Circuit Court of the City of St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#5] is granted, and this case is remanded to the Circuit Court of the City of St. Louis, Missouri.

**IT IS HEREBY ORDERED** that plaintiff's motion to amend [#4] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2011.